Filed 9/11/13  P. v. Gomez CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHEILA GOMEZ,<br><br>    Defendant and Appellant. | B246362<br><br>(Los Angeles County<br>Super. Ct. No. SA081178) |

APPEAL from an order of the Superior Court of Los Angeles County, Katherine Mader, Judge.  Affirmed.

Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant, Sheila Gomez, appeals from a January 18, 2013 order partially denying her motion for return of property. We affirm the order.

On June 28, 2012, defendant was charged with six counts: second degree commercial burglary of Best Buy in El Segundo (Pen. Code, § 459); petty theft of Best Buy in El Segundo (Pen. Code, § 484, subd. (a)); receiving stolen property (Pen. Code, § 496, subd. (a); possession of a controlled substance, methamphetamine (Health & Safety Code, § 11377, subd. (a); second degree commercial burglary of Best Buy in Hawthorne (Pen. Code, § 459); and petty theft of Best Buy in Hawthorne (Pen. Code, § 484, subd. (a)). The preliminary hearing transcript indicated defendant was involved in a fraudulent effort to return speakers to a store.

On July 13, 2012, defendant pled no contest to second degree commercial burglary. The remaining counts were dismissed. Defendant was placed on a 3-year formal probation on condition she serve 365 days in jail. Defendant received 36 days of presentence credit consisting of 18 day in actual custody and 18 days for conduct credit. In addition, defendant was ordered to pay a $40 court operations assessment and a $30 criminal conviction assessment.

On November 30, 2012, defendant filed a motion to return property. On January 18, 2013, the trial court partially granted defendant's motion. But the trial court denied the motion for return of: a digital memory card; an electronic cable; an accomplice's satchel and its contents including diagonal cutting pliers, a folding knife, and a voltage tester; a duplicate receipt provided by a store employee; a laptop computer not listed on a store receipt; a paper shredder; and a jump-starter. Defendant filed her notice of appeal on January 18, 2013.

We appointed counsel to represent defendant on appeal. After examination of the record, appointed appellate counsel filed an "Opening Brief" in which no issues were raised. Instead, appointed appellate counsel requested this court to independently review the entire record on appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436, 441. (See (*Smith v. Robbins* (2000) 528 U.S. 259, 277-284.) On June 10, 2013, we advised defendant that she had 30 days within which to personally submit any contentions or

arguments she wishes us to consider. No response has been received. We have examined the entire record and are satisfied appointed appellate counsel has fully complied with her responsibilities. No argument exists favorable to defendant on appeal. (*People v. Kelly* (2006) 40 Cal.4th 106, 112-113; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

The order partially denying the motion for return of property is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS


TURNER, P. J.


We concur:


KRIEGLER, J.


KUMAR, J.[*]

---

[*] Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.